## James W. Clark v. Edmund Hall. ·

*Evidence: Assignment of a Land Office certificate: Proved by an exemplified copy.*
    The assignment of a Land Office certificate for the purchase of lands, when filed in the office of the Commissioner of the General Land Office in order to procure the issuing of a patent to the assignee, becomes a part of the records of the office, and may be proved by an exemplified copy, authenticated by the Commissioner.—*Lacy v. Davis,* 4 *Mich.,* 140 ; *Gilman v. Riopelle,* 18 *Mich.,* 145.
    It is not necessary that the execution of such an assignment should be acknowledged to convey to the assignee the title of the assignor.

CLARK *v.* HALL.

*Patents: Presumed to be issued on valid grounds: To purchaser of lands: To his assignee: Not to be questioned by a party not in privity with the title.* A sovereignty making title to its own lands has a right to determine for itself upon the sufficiency of whatever goes to entitle the claimant to a conveyance.

The principle that when a patent is issued by the government all necessary prerequisites are presumed to exist, is applicable to an assignment when the patent issues to an assignee.

The principle that a patent issued by the government upon a Land Office certificate for the purchase of lands will relate back to the original entry, applies with equal force, and for the same reasons, to a case where the patentee is the assignee of the original purchaser.

When a patent has been issued, a third person, not in privity with the title, will not be heard to allege that it issued improvidently.

*Tax titles: Evidence of regularity.* The tax law of 1869 was passed to regulate the assessment, collection and return of taxes for the future; and there is nothing in § 164 of that act which relates back to, or makes good illegal sales previously made.

*Ejectment: Possession of the premises: Charge of the Court.* Where in ejectment it was claimed that a small part of the premises had been enclosed and cultivated by a third person, not a party to the suit, there being no proof of actual occupation except as to the lands alleged to be enclosed; it is not error for the Court to charge the jury that the question for them is whether the person was in actual possession, and not whether he claimed to be.

*Heard October 20 and 23.     Decided October 28.*

Error to Wayne Circuit.

Ejectment: brought in the Circuit Court for the County of Wayne, by Edmund Hall, now defendant in error, against James W. Clark, now plaintiff in error.

On the trial the plaintiff proved that on the 5th day of May, A. D. 1835, Erastus H. Spaulding entered the premises in question, at the land office in Detroit, and that the certificate of such entry was numbered 12,714, and also, that a patent from the United States was issued to Shubael Conant, as assignee of Spaulding, of said premises, dated April first, A. D. 1837.

The plaintiff also offered in evidence an exemplified copy of the assignment by said Spaulding to Shubael Conant duly authenticated by the Commissioner of the United States Land Office at Washington.

The introduction of the assignment was objected to as irrelevant, and that it conveyed no title to the lands therein described. The Judge overruled the objection and ad-

CLARK *v*. HALL.

mitted the evidence, to which decision the defendant excepted.

The plaintiff further offered in evidence the record of a quit claim deed of said premises from Shubael Conant to Sylvanus Russell, dated September 3rd, A. D., 1835; to the introduction of which evidence the defendant objected, upon the ground that at the date of said deed said Conant had no title to said premises. The Judge overruled the objection and admitted the evidence; to which decision the defendant excepted.

And the plaintiff further gave in evidence the record of several deeds, and also the depositions of witnesses showing a conveyance of said premises from Sylvanus Russell to the plaintiff.

The defendant claimed title under a tax deed from the State of Michigan to Alpheus S. Williams, of the premises, under a sale thereof by the Auditor General on the second day of June, 1858, for the taxes of the year 1857, and deeds proving the conveyance thereof from said Williams to the defendant; and offered testimony to prove that one George V. Clark was in the actual occupation of a small part of said premises, enclosed by a brush fence, and cultivated the same as a garden at the time of the commencement of this suit, and that he claimed to be in possession of the whole thereof, under a permission of the defendant that he might go on to said premises and work the same, and that he occasionally cut trees and wood upon other portions of said premises, he at that time residing upon a farm of his own adjoining these premises, and not on the premises in dispute.

The plaintiff offered rebutting evidence to prove that the said deed from the State of Michigan to Alpheus S. Williams, was invalid and conveyed no title to said premises, for the reason that the tax for which the same was sold was excessive to a large amount, and beyond the amount authorized by law, and that it included a tax for re-

building a bridge near the town of Ecorse, that was not only without authority of law, but contrary to law.

The defendant objected to the introduction of such evidence as incompetent, and also upon the ground that, under the provisions of the statutes, such evidence was not admissible and would not tend to invalidate the said tax deed, or defeat the title conveyed by such deed.

The Judge admitted the testimony ; to which the defendant excepted.

At the request of the plaintiff the Court charged the jury:

" If the jury find that Spaulding made an entry of the land in dispute in the Land Office of the United States, in due form of law, and subsequently assigned or conveyed his interest under the entry to Conant, who conveyed the land to Russell, and afterwards received the patent from the United States, offered in evidence by the plaintiff, then the patent relates back to the original entry, and enures to the benefit of Russell and his subsequent grantees.

" That the records from the United States Land Office, and the exemplified copy of assignment offered in evidence by the plaintiff is evidence of the regularity of the entry by Spaulding, and of the assignment of his rights thereunder to Conant.

" That the conveyances and depositions offered in evidence in this suit show the plaintiff to hold the land as subsequent grantee of Russell.

" That as such subsequent grantee of Russell, the plaintiff is entitled to recover in this action, unless the jury find some person other than defendant to have been in the actual possession of the land at the time the suit was commenced."

To each of which the defendant excepted.

The plaintiff requested the Court further to charge the jury:

CLARK v. HALL.

" That if the jury find that any portion of the premises, which may be distinctly defined, were in actual possession of any person other than the defendant at the time this suit was commenced, yet the plaintiff may recover all the premises except such portion as was so actually occupied."

The Judge charged as requested by the counsel for the plaintiff, with the following addition: "I do charge you, gentlemen, that is, if you find in this case that some other party than the one made defendant here, was in possession of the garden spot, and that garden spot can be described and defined, as it has been described by witnesses in this case, and he was not in *like* possession of the other part, then you can find for the other part, and for the defendant as far as the garden spot is concerned; but if you shall find that he was in possession of the whole, then of course they cannot recover in this suit, if you shall find that he *actually occupied* the whole;" to which the defendant excepted.

The Court further charged the jury that the question of possession is a question of fact for the jury to decide.

The defendant requested the Court to charge the jury as follows:

" That the deed from Spaulding to Conant conveyed to the latter no legal title, as at the date thereof the title was still in the Government;

" That the deed from Conant to Russell conveyed on title for the same reason:

" That the deed from Conant to Russell being a mere quit claim deed, the legal title subsequently acquired by Conant did not enure to the benefit of Russell;" but the Judge refused so to charge said jury; to which refusal defendant excepted.

The defendant further requested the Court to charge the jury:

" That if the jury find that the premises in question were actually occupied by George V. Clark at the time

this suit was brought, in July, 1865, then the plaintiff cannot recover in this suit." "The Judge charged as follows:

"I have already charged you that, gentlemen, if you find that at the time this suit was commenced, the witness, Clark *actually* occupied these premises, *all* of them, the plaintiff cannot recover;" to which opinion of the said Circuit Judge the counsel for the said defendant did then and there, on behalf of the said defendant, except.

The defendant further requested the court to charge the jury.

"That if George V. Clark was actually cultivating a portion of these premises in 1865, as a garden, and claimed to be in the occupation of the whole eighty, there being no adverse or other possession, and was occasionally cutting wood and timber thereon during the summer of 1865, that was an occupation within the provision of our Statute;" but the Judge refused so to charge and said to the jury: "That I cannot charge you, gentlemen, as it is stated there. The question for you is, whether he was in *actual possession*, not whether he claimed to be;" to which refusals and charges the defendant in each case excepted.

The jury found a verdict for the plaintiff; and the judgment entered thereon is brought into this Court by writ of error.

*C. I. Walker*, for plaintiff in error.

I. It is claimed by the plaintiff in error that no legal title to the premises had vested in Conant, at the time of his conveyance to Russell, and there being no covenants of warranty in that conveyance, the legal title subsequently acquired by the patent did not enure to the benefit of Russell or his grantees, and, therefore, that the plaintiff below had not made out a title to the premises in question.

The assignment of July 7, 1835, cannot be held to be a conveyance, for the reason that it is not acknowledged as

required by the act of 1827, then in force.—*Laws of 1833, page 279.* Nor can such assignment be proved by an exemplified copy from the land office. It is not a paper required by any rule of law to be filed or recorded in such office, and, if there, its existence must be proved, and then its contents, by a sworn copy or other proper secondary evidence.—*2 Comp. Laws secs. 4,308, 4,311; 2 Edward's Phillips' Ev. 523, 568, notes.*

But there lies back of these a still more serious objection, viz: That neither Spaulding or Conant, when they conveyed the premises, had any legal title thereto, and there being no covenants of warranty, no title passed to Russell.

It is well settled that the holder of a duplicate or a certificate of entry of land before the issue of the patent has only an equitable title, and he cannot recover thereon at law save by the aid of some local statute or usage.— *Fenn v. Holme, 21 How., 488; Hooper v. Scheimer, 23 How., 236; Carman v. Johnson, 20 Mo., 110.* In some States without statute and in others by statute, the holder of the certificate of entry is held to have such an inchoate legal title that he may recover thereon in ejectment.— *McConnell v. Wilcox, 1 Scam. 366; Waller v. Vanpuhl, 14 Mo. 87; 2 Comp. Laws, sec. 4,332.*

But this cannot be where the patent has issued, which is the highest and best evidence of title, or in the language of our statute, is "a better title." But it is claimed that where one who purchases land and receives a certificate therefor, conveys the land and subsequently receives a patent therefor, that by virtue of the artificial doctrine of relation, the patent relates back to the time of the entry, and passes a good legal title to the grantee. There is unquestionably quite an array of authority sustaining this position.—*2 Washb. on Real Prop. 226 and 229; Jackson v. McCall, 3 Cow. 75; Richardson v. Cleveland, 5 Porter, 251; Jones v. Sage, 5 Porter, 327; Hayward v. Ormsby, 11 Wis.*

CLARK *v.* HALL.

*3 ; Cavender v. Smith, 3 Greene, 348 ; Cavender v. Smith, 5 Iowa, 188 ; Ostrom v. Hammond, 3 McLean, 109 ; Landell v. Brant, 10 How. 371.* Contra :—*Masters v. Eastes, 3 Porter, 373.*

Yet it would seem that if a patent relates to the time of entry, that if one make an entry and dies, and the patent be issued in his name after death, that it should be held a good conveyance, and yet the law is clearly otherwise.—*Wood v. Ferguson, 7 Ohio St. 288 ; Phillips v. Sherman, 36 Ala. 189 ; Schedda v. Sawyer, 4 McLean, 182 ; Galloway v. Finlay, 12 Pet. 297.*

But whatever may be the general doctrine upon the subject, in this case no patent was ever issued to and in the name of the original purchaser, and we submit that this doctrine of relation whatever may be its merits, should not be applied to this case.

II. We claim upon the part of the plaintiff in error that the charge of the Court and the refusal to charge upon the subject of the occupation of Geo. V. Clark were calculated to mislead the jury and were erroneous.

The testimony on the part of the plaintiff tended to show that the actual occupation by cultivation of Geo. V. Clark was only about one-tenth of an acre.

The effect of these rulings and refusals must have been to have led the jury to the conviction that to make the actual occupation required by our statute, there must be an actual enclosure of the whole premises or the cultivation thereof.

The evidence of the defendant tended to show that Geo. V. Clark's possession, whatever it was, was under the title of the defendant, who had a deed of the whole eighty. He was in the actual occupation of a portion, and claimed to be in possession of the whole, and was exercising acts of control over the whole. We submit that in such a case that he is deemed to be in the actual occupation of the whole, (there being no adverse possession), that it is such

an occupation' as would be an adverse possession of the whole.—*Jackson v. Vermillion, 6 Cow. 677; Ellicott v. Pearl, 1 McLean, 214; Ellicott v. Pearl, 10 Peters, 413, 442; Hale v. Ritterhouse, 25 Penn. 496; Jackson v. Elston, 12 Johns. 452, 454.*

III. The third question is as to the construction and validity of sec. 164 of the tax law of 1869.

That section provides that "in all suits and controversies involving the title to land claimed and held by virtue of a deed executed by the Auditor General of this State for non-payment of taxes thereon, the person claiming adverse title to such deed shall be required to prove, *in order to defeat the title conveyed by such deed*, either—

1st. That the land taxed was not subject to taxation; or,

2d. That the taxes were paid; or,

3d. That they were not assessed; or,

4th. That the land had been redeemed; or,

5th. That a certificate had been given by the proper officer stating that no taxes were due, or the lands were not subject to redemption.—*Session Laws of 1869, p. 378.*

The counsel for the defendant put in evidence a deed from the Auditor General, showing a sale of the lands in question for the taxes of 1857, and a conveyance thereof from the grantee to the defendant, in 1859.

But the question raised is simply this: Whether any —even the smallest amount—of an illegal, excessive tax, can, under the law of 1869, be shown, in order to defeat the title conveyed by the Auditor General.

It may be admitted, under our tax system, as settled by this Court, that any excess of tax, however trifling, and whether resulting from mere mistake, miscalculation or otherwise, makes the tax of which it forms a part void and a tax title thereunder invalid, unless such effect is avoided by the force of the statute in question.—*Lacy v. Davis, 4 Mich. 157; Case v. Dean, 16 Mich. 32 and 33.*

In examining the question whether this statute has

such effect, involves the examination of several distinct points, viz:

*First.* Is this statute applicable to the case now before the court—a case not only where the defendant's title originated before the act, but a case actually pending in court at the time of its passage. It determines what evidence is required to defeat a title claimed and held under the deed of the Auditor General in *all* suits and controversies involving the title to land so claimed. *This* is a suit involving the title to land so claimed and is brought within the clear and express provisions of the act. It is not even retrospective in its character, but establishes a rule for future trials.—*Cooley on Const. Lim. 367 and 368.*

Thus, the famous act of Lord Tenterden, providing that a parol promise should not be sufficient evidence to take a case out of the operation of the statute of limitations was held applicable to suits pending at the time of its passage. *Ansell v. Ansell, 3 C. and P., 563; Hamner v. Cattell, 5 Bing., 208; Fowler v. Chatterton, 6 Bing. 258;* So a law similar to the present was held applicable to deeds previously obtained.—*Freeman v. Thayer, 33 Maine, 82;* See *Satterly v. Matthewson, 2 Peters, 281;* See also cases cited in *Cooley's Const. Law, 367, 369, 376, 379, 381; Bacon v. Calendar, 6 Mass. 309; Blenbury v. T. & M. Co., 17 S. & R. 64; Hepburn v. Coats, 7 Watts, 300.*

We submit, therefore, that the law in question is applicable to cases like the present, viz: cases pending when the law was enacted.

*F. H. Canfield,* for defendant in error.

I.    The exemplified copy of assignment from Spaulding to Conant, of July 7, 1835, was properly admitted in evidence, and the charge of the Court below in relation to the effect of the same was properly given.

The entry of the land by Spaulding was clearly proved

by evidence which was not objected to. . The instrument offered to show his transfer to Conant was objected to upon the ground " that it was irrelevant, and conveyed no title to the lands therein described." The form of the evidence was unobjectionable. — *Brightly's Digest, 267, 462, 463, 465; Lacy v. Davis, 4 Mich. 140; 2 Phillip's Ev. 301.* a.—By virtue of his entry, Spaulding acquired a legal title to the land, which he could assign, or convey, to the same extent, and in the same manner as any other land which he then owned. We concede that until the patent is issued, the fee of the public lands is in the Government, and that a patent is necessary to vest a complete title in the purchaser. But his entry gives him a legal title, and not a mere equity within the true meaning of these terms. Thus lands held by entry, descend to the heirs, or may be devised, and do not go to the administrator.—*2 Washburne on Real Prop., 527, 528; Adams v. Logan, 6 Monr., 175; Ostrom v. Hammond, 3 McLean, 106.* b.—They are subject to sale on execution: *Goodlet v. Smitherson, 5 Porter, 243; Wright v. Swan, 6 Porter, 86; Landes v. Brant, 10 How., 348.* c.—Such lands are subject to taxation under State laws, and may be sold for delinquent taxes in the same manner as other lands.—*21 Ark. 246; 3 McLean, 106; 4 Wallace, 212.* d.—The issuing of the patent is held to be a mere ministerial act on the part of the officer.—*Stoddard v. Chambers, 2 How., 284.* It does not pass the title, but is evidence that the title has before passed.—*5 Porter, 243; 1 Scam., 367.* If issued against law, or obtained by fraud, it does not pass the legal title.—*2 Washburne, 528; Wright v. Rutgus, 14 Mo., 585.* e.—The assignability of the interest in the land has not only been always recognized by the Government in its dealings with purchasers, but is expressly provided for by the laws of Congress.—*Brightly's Digest 496, § 222; p. 503, § 257; p. 499, § 228.*

2. The instrument under consideration was properly executed, and was in form sufficient to operate both as an

assignment of the certificate and a conveyance of the land itself.

3. But we insist that this question is one which cannot be properly raised by the parties in this cause. The patent is shown to have been issued to Conant as assignee of Spaulding, and it is plenary proof, in all collateral proceedings, both of the entry of the land by Spaulding, and of his assignment and transfer to Conant.—*2 Washburne on Real Estate, 526, 530; Morgan v. Cortning, 4 McLean, 366; Barry v. Gamble, 8 Mo., 88; Stringer v. Young, 3 Pet., 320; Boardman v. Reed, 6 Pet., 328; Minter v. Crommelin, 18 How., 87; Field v. Seabury, 19 How., 332; Jackson v. Lawton, 10 Johns., 24.* Even without any express statute on the subject, the courts of several of the States have held, that the certificate of entry vests in the purchaser or his ' assignee, a sufficient ' title to maintain ejectment as against any person not having a better legal title.—*Bullock v. Wilson, 2 Porter, 436; 2 Washburne, 526, 529, and cases there cited.*

The federal statutes and federal Courts recognize the holder of the certificate, or his assignee, as having the immediate legal right of possession, which is all that is necessary to be proved in this form of action.—*1 Chitty's Pleadings, 187 and cases there cited; 2 Comp. L. 1,230, § 4,554; Hylton's Lessee v. Brown, 1 Wash. 204; Laws of 1834, p. 37, 2 Comp. L., § 4,332; Burner v. Manlove, 1 Scam. 156; McConnel v. Wilcox, 1 Scam. 344, 373; Lindsay v. Henderson, 27 Miss. 502.*

The transfer of title to the defendant in error, from Russell, being proved, he is entitled to recover as assignee of the holder of the certificate of entry within the meaning of the act of 1834.

The Supreme Court of the United States, in *10 Howard* and *4 Wallace, 27 Miss.,* already cited, recognize the purchaser of the land at a sheriff's sale or tax sale, as the assignee of the holder of the certificate. If this view be

correct, then for a stronger reason, should the grantee of the land under a voluntary deed, be considered as such assignee.

II—The Court properly instructed the jury, that the issuing of the patent to Conant, as the assignee of Spaulding, after he had conveyed to Russell, enures to the benefit of Russell and his subsequent grantees. This proposition is based upon the familiar doctrine of relation, which is, " that where there are divers acts concurrent to make a conveyance, estate or thing, the original act shall be preferred; and to this the other acts shall have relation."— *Vin. Ab. Tit. Relation, 490 ; 5 Cruise on Real Estate pp. 510, 511 ;* This principal may be illustrated by numerous cases.

Thus a sheriff's deed given under, but subsequent to a sale upon execution, relates back to, and in judgment of law, is executed at the time of sale.—*Jackson v. Ramsay, 3 Cowen, 75 ;—Jackson v. Dickenson, 15 Johns. 309 ; Wilson v. Daval, 5 Bos. 619.*

So a master's deed, under the foreclosure of a mortgage, although not executed until after the sale, relates back to the time of the sale.—*McLaren v. Hartford Fire Ins. Co., 5 N. Y. 151, 155 ; Fuller v. Geesen, 4 Hill, 171; Fort v. Birch, 6 Barb. 60 ; Blackwell on Tax Titles, 384, 385.*

This doctrine applies to the purchase of public lands from the Government, the *consummate legal* title to which, can be obtained only by the performance of two concurrent acts, viz., the entry of the land and payment of the money by the purchaser, and the issuing of the patent. The former of which is the *substantial* act and to it the other has relation· —*Landes v. Brandt, 10 How. 348 ; Lessee of French v. Spencer, 21 How. 228 ; Witherspoon v. Duncan, 4 Wallace, 210 ; Stark v. Starr, 6 Wallace, 402 ; Hayward v. Ormsbee, 11 Wis. 3 ; Witherspoon v. Manlove, 21 Ark. 246 ; 2 Washburne, 527, 531 ; Papin v. Massey, 27 Mo. 445 ; Mit-*

*chell v. Handfield, 33 Mo. 431; Maguire · v. Tyler, 40 Mo. 406.*

III.   The   evidence   offered in the Court below to show the invalidity of defendant's tax deed was properly admitted.

The evidence proved an "illegal excess of taxation," which, ·according to the decision of this and other courts, rendered the tax deed void.   The objection to its introduction, was based upon the ground that section 164 of the tax law of 1869, rendered such evidence incompetent.   To this we reply:

1.   The law of 1869 was intended to act prospectively and not retrospectively; and therefore does not apply to titles acquired previous to its enactment.   *a.*—This appears from the title of the act, itself which is "An act to provide for a uniform assessment of property, and for the collection and return of taxes thereon." These words preclude the idea that the law was intended to have any˙retroactive effect.   A different construction would, as we submit, render the act void as contravening Sec. 20, Article 4, of the Constitution.   The Court will not construe this law to act retrospectively, unless it appears that such was the legislative intent, either from the language used, or by necessary implication.—*Cooley's Const. Lim, 362, 370; Harrison v. Metz, 17 Mich. 377; Sedgwick on Cons. Law, 188, 408; 15 Iowa 257; 49 Barb. 176; 52 Pa. 316; 15 Wis. 548.*

2.   This section of the law of 1869, if it applies to the tax deed under which plaintiff in error claims title, is so far unconstitutional and void.—*Hart v. Henderson, 17 Mich. 218; Conway v. Cable, 37 Ill. 82; Marsh v. Chestnut, 14 Ill. 222; Billings v. Ditten, 15 Ill. 218.*

IV.   The record does not show such an occupation on the part of G. V. Clark, as renders him a necessary party to this suit; nor does it disclose any error in the rulings of the Circuit Judge upon this point.—*2 Comp. L. 1,230.*

No evidence was offered to prove that G. V. Clark *actu-*

*ally occupied* any part of the land except about one-tenth of an acre, termed "the garden spot." He resided upon a farm of his own adjoining the premises. We think it may be inferred from the record, what was conceded in the Court below, that the entire tract except this "garden spot," was uninclosed woodland. Whether he in fact occupied this garden spot or not, was a question for the jury to decide, and such was the charge of the Court. The verdict shows that the jury did not believe the testimony offered by plaintiff in error, and that in their opinion G. V. Clark was not in actual occupation of any part of the premises at the time suit was commenced. As to what constitutes an actual occupation within the meaning of the statute, see *Chinique v. Bishop of Chicago, 41 Ill. 151; Winkler v. Meinster, 40 Ill. 351; Jackson v. Camp. 1 Cowen, 609; Jackson v. Shoemaker, 2 Johns. 20; Bates v. Norcross, 14 Pick. 224; Lane v. Gould, 10 Barb. 254; 25 Wend. 597; Shaver v. McGraw, 12 Wend. 558; 31 Pa., 281; 37 Mo., 310; 10 Watts, 141; 8 Allen, 141; 17 Mich. 373; 32 Maine, 521.*

COOLEY CH. J.

This suit comes before us on writ of error sued out to reverse a judgment recovered by Hall in the Circuit Court for the County of Wayne in an action of ejectment.

It appears from the record that Erastus H. Spaulding purchased the lands in controversy of the United States, on the fifth day of May, 1835, and received the usual certificate of entry therefor. On the seventh day of the following July, Spaulding, it is claimed, made a formal assignment of this certificate to Shubael Conant, and the United States, on April 1, 1837, issued to Conant, as assignee of Spaulding, the usual patent for the lands. The patent was put in evidence, and no formal objection arises upon it; but the assignment by Spaulding to Conant is

only proved by an exemplified copy from the office of the Commissioner of the General Land Office at Washington, and this is objected to as insufficient.

The particular objections to this evidence are two :

1. That the assignment was not acknowleged, and therefore was not sufficient to constitute a conveyance of an interest in lands under the statute in force when it was made.

2. That it is not a paper required by any rule of law to be filed in the office of the Commissioner of the General Land Office, and consequently is not a paper which can be proved by his certificate.

The second objection we do not regard as tenable, whether there is or is not a statute of the United States which would require the filing. The propriety of the assignment remaining of record in the office of the Commissioner after the patent has been issued to the assignee is very obvious, and there can be no question, we should suppose, that his practice to retain and file a paper of this importance, which is to evidence the authority of the government to make a particular grant, constitutes it a part of the records of the office as much as if he were expressly required by law to make of it this disposition, and if it constitutes a part of the public records of the office, the Commissioner's certificate was sufficient to make it evidence. —*Lacy v. Davis, 4 Mich. 140 ; Gilman v. Riopelle, 18 Mich. 145.*

The first objection appears to us equally untenable. Spaulding, by virtue of his entry, acquired an equitable right to the land, which he might assign ; but the legal title still remained in the Government. He has made such an assignment as the Government has recognized by making a conveyance to his assignee, and we doubt the right of any person not claiming through or under Spaulding, to attack collaterally this assignment. A sovereignty, in making title to its own lands, has a right to determine for itself upon the sufficiency of whatever goes to entitle

the claimant to a conveyance; and when the conveyance has been issued, a third person, not in privity with the title, is not to be heard to allege that the conveyance has issued improvidently. The cases of *Stringer v. Young*, *3 Pet.*, *320 ; Boardman v. Reed*, *6 Pet.*, *328 ; Bagnell v. Broderick*, *13 Pet.*, *436, and Minter v. Crommelin*, *18 How.*, *87*, are all authorities to the point that when a patent has been issued by the Government, all the necessary prerequisites are presumed to exist. This presumption, we think, is as applicable to an assignment, where the patent issues to an assignee, as to anything else which was essential to designate the person entitled to the conveyance, or the land to be conveyed.

In saying this, however, we do not mean to be understood as expressing an opinion that there was ever a time in this State, or in Michigan Territory, when the terms of the statutes were such, that a deed would not be good as between the parties, because, though it had all other proper formalities, it was lacking in an acknowledgment. It does not become necessary to pass upon that question in this case, and we have not, therefore, given it special attention.

A further objection arises upon the conveyance made of the land by Conant. It appears that he conveyed to one Russell before he received a patent. The conveyance was by quit claim, and defendant claims that as Conant had no legal title at the time, his deed conveyed none, and the title he subsequently acquired by the patent, did not enure to the benefit of Russell, inasmuch as there were no covenants in his deed to transfer the title by way of estoppel.

The general principle unquestionably is, that a Government patent, when issued, relates back to the original entry, and perfects and makes valid any attempted transfer by the patentee intermediate the entry and the patent. This principle is not disputed, but it is denied that it can apply to a case where the patent issues not to the original

CLARK v. HALL.

purchaser, but to his assignee. The reasons which should preclude the application of the doctrine of relation to the case did not strike us with force on the argument, nor have we been able on reflection to satisfy ourselves that they rest on any substantial basis. We have never heard it suggested before that a sheriff's deed, or any other conveyance made to complete a judicial sale, would not if made to an assignee, relate back to the time of the sale, so far as necessary to protect intervening rights and equities. The same reasons, for the applicability of the doctrine, exist in this case as in any other, and no reason, either substantial or technical, appears to us to preclude it.

Assuming that we are correct in this, we understand by the record that Hall showed a complete chain of title from the Government to himself, and was *prima facie* entitled to recover unless the defendant established some affirmative defense. A tax deed was put in evidence in the case, but we have not been required to examine it, since it was conceeded not to be supportable, unless under section 164 of the tax law of 1869. The tax sale was made in 1859. The question was presented on the argument whether the section in question related back to, and made good, illegal sales previously made. It is sufficient for us to say on that point, that we do not discover in that section the least evidence that such was the intention of the Legislature. The tax law of 1869 was passed to regulate the assessment, collection and return of taxes for the future, and the title as well as the body of the act aptly indicates that purpose. The further questions presented in this connection on the argument will not, therefore, require attention in this case.

The only other question which the record presents, regards an alleged possession of the premises by one George V. Clark who was not made a party defendant. The premises do not appear to have been occupied, unless by this George V. Clark, and James W. Clark was sued under

the statute as claiming title only. The Statute provides, *Comp. Laws § 4,557:*

"Sec. 4. If the premises for which the action is brought, are actually occupied by any person, such actual occupant shall be named a defendant in the declaration; if they are not so occupied, the action must be brought against some person exercising acts of ownership on the premises claimed, or claiming title thereto, or some interest therein at the commencement of the suit; and all persons claiming any title to the premises adverse to that claimed by the plaintiff, may in all cases be made defendants in such action."

The defendant on the trial gave evidence tending to prove that George V. Clark was in the actual occupation of a small part of the premises, enclosed by a brush fence, and cultivated the same as a garden at the time of the commencement of the suit, and that he claimed to be in possession of the whole thereof under a permission of the defendant that he might go on and work the same, and that he occasionally cut wood and trees on other portions of the premises, he at the same time residing on a farm adjoining.

Upon this evidence the Circuit Judge instructed the jury that if they should find that any portion of the premises, which might be distinctly defined, was in the actual possession of any other person than the defendant at the time the suit was commenced, the plaintiff might nevertheless recover all the premises except such portion. He further charged in the following language: " I do charge you, gentlemen, that if you find in this case that some other party than the one made defendant was in possession of the garden spot, and that garden spot can be defined and described, as it has been described by witnesses in this case, and he was not in like possession of the other part, then you can find for the other part, and for the defendant as far as the garden spot is concerned; but if you

shall find he was in possession of the whole, then of course they cannot recover in this suit, if you shall find that he actually occupied the whole." This charge was objected to by defendant.

The defendant requested the Court to charge the jury that if the premises in question were actually occupied by George V. Clark at the time the suit was brought, the plaintiff could not recover. This charge was given, with such modification only as the addition of the word "all" before "the premises" would make; and a further request to charge that if George V. Clark was actually cultivating a portion of the premises, and claimed to be in possession of the whole, then there being no adverse or other possession, and he occasionally cutting wood thereon, that that was an occupation within the provisions of the statute— was refused; the Court telling the jury that the question was whether he was in actual possession and not whether he claimed to be.

The jury appear to have found that George V. Clark was not, in fact, in the actual possession of any portion of the premises.

The defendant (below) finds fault with the charge respecting possession, that it was calculated to mislead the jury, and to bring them to the conviction that to make the actual occupation required by our statute there must be an actual enclosure of the whole premises, or the cultivation thereof—in other words, the *like* occupation which Clark claimed to have of the garden spot. We do not discover this tendency in the charge, and we think to draw any such inference from it requires a more narrow and critical construction than any jury were likely to give it.

Besides, there was no evidence in the case which, independent of the small spot said to be cultivated as a garden, and which was only a very small fraction of the whole, tended in the least to show an actual occupation of the premises by George V. Clark. That person might

perhaps have been made a party defendant under the liberal provisions of our statute; but the mere fact that he claimed to be in possession of the whole, and occasionally cut trees and wood thereon, while living upon other lands— which, except as to the garden spot was the whole extent of what he claimed, his evidence tended to show,—did not establish actual occupancy, or authorize the jury to find it. However significant those facts might have been in connection with an actual possession of a part of the land under a claim of title to the whole, if the jury had found such actual possession to exist, they are, when standing alone, mere isolated acts of trespass, and nothing more. As the case is presented by this record, the charge of the Circuit Judge, even if not strictly accurate, could not possibly have prejudiced the defendant. But we are not by any means certain that he gave the jury a rule regarding actual occupancy which was any different from that which the statute warrants.

We think there is no error in the record, and the judgment should be affirmed.

The other Justices concurred.