JOHN M. VAN FLEET, ADMINISTRATOR v. JOSEPH E. VAN FLEET.

*Possession of realty by administrator.*

Act 236 of 1881 authorizing administrators to take possession of the real estate of their decedents, is not retroactive in its terms, and does not operate to give the right as against the heirs of a person whose estate was in administration before the passage of the statute, and whose heirs and devisees had already become vested with the interests to which they were entitled.

Courts are bound, wherever possible, to construe statutes so as to give them validity and a reasonable operation.

It is a presumption that statutes operating on valuable rights do not operate retrospectively.

Error to St. Joseph. Submitted Jan. 4–5. Decided Jan. 10.

EJECTMENT. Plaintiff brings error. Affirmed.

*J. M. Van Fleet, H. H. Riley* and *Dallas Boudeman* for appellant. A statute is not objectionable as retrospect-

ive because it purports to operate on prior, contingent or qualified rights, but only where it operates to divest vested rights: *Clarke v. McCreary* 20 Miss. 347; a remedial statute is not inoperative, even if retrospective, where it only confirms existing rights and furthers their enforcement: *Searcy v. Stubbs* 12 Ga. 437.

*Charles Upson* for appellee. Until the passage of Act 236 of 1881, no administrator, as such, was entitled to the possession of the real estate of the intestate: Comp. L. §§ 4309, 4407; Act 147 of 1873; Act 203 of 1875; Act 138 of 1877; Act 125 of 1879; the heirs at law have a vested interest in and a right to the possession of the premises as against the administrator, and might maintain ejectment against him if he had possession: *Warren v. Tobey* 32 Mich. 45; *Cole v. Gibbs* 48 Mich. 227; and see *McDaniels v. Walker* 44 Mich. 83; even under Comp. L. (1857) § 2904, which in terms gave the administrator the right of possession, the heir was entitled to the possession and to the rents and profits, subject to the payment of the debts, and could hold the possession and enjoyment until the administrator took possession, or claimed the right thereto under the statute, and it was held that there was no estate in the administrator: *Howard v. Patrick* 38 Mich. 802; *Campau v. Campau* 25 Mich. 127; *Campau v. Campau* 19 Mich. 116; *Marvin v. Schilling* 12 Mich. 357; *Streeter v. Paton* 7 Mich. 341; where the deceased left a will giving a power of sale, without saying by whom to be made, but authorizing the executor to pay over the proceeds to certain legatees, the title was held to have vested in the heirs or devisees: *Mandlebaum v. McDonell* 29 Mich. 78; *Rock River Paper Co. v. Fisk* 47 Mich. 212; statutes do not operate retrospectively unless, their language clearly shows that the Legislature meant them to: *Maxwell v. Bay City Bridge Co.* 46 Mich. 278; *Smith v. Auditor General* 20 Mich. 398; *Auditor General v. Monroe County* 36 Mich. 70; *Wohlscheid v. Bergrath* 46 Mich. 46; an essential element of the interest of the heir at law is a right to the possession of the prem-

ises and the enjoyment of the rents and profits thereof, and the Legislature could not arbitrarily deprive him of that vested right and put him forthwith out of possession and give it to another : Const. art vi. § 32 ; Cooley's Const. Lim. 357–362 ; *Grand Rapids Boom Co. v. Jarvis* 30 Mich. 308 ; *Silsbee v. Stockle* 44 Mich. 561–8–9 ; *Howard v. Patrick* 38 Mich. 802 ; *People v. State Treasurer* 23 Mich. 499 ; *Parsons v. Russell* 11 Mich. 113 ; *Ames v. Port Huron Log Driv. Co.* 11 Mich. 139, 147 ; that Act 236 of 1881 is prospective only, and does not and cannot lawfully apply to estates of decedents who had died prior to the time the act took effect so as to divest heirs of their vested rights therein, see *People v. Monroe County* 36 Mich. 70 ; *Clark v. Hall* 19 Mich. 356, 373 ; *Harrison v. Metz* 17 Mich. 377.

CAMPBELL, J.   The only important question involved in the merits of this case is whether the Act of 1881, which authorizes executors and administrators to take possession of the realty of deceased persons, is effectual to give such a right as against the heirs of a person whose estate was in administration some years before the statute was passed.

The powers given by the statute include a power to lease from year to year, and cancel or modify any leases given by the decedent during his life-time, as he might have done himself, and to keep property in repair and receive rents and proceeds until the estate is settled or the land turned over to the heirs or devisees.   Sess. L. 1881, p. 278.

It is manifest that in cases to which this statute can lawfully apply, heirs and devisees and those claiming under them would be subject to disturbance and ouster, and that when the representative has done nothing to estop him, such improvements as are made on such leases, partitions or other dispositions made would be liable to be disregarded, except in the cases where relief can be had in the probate court on a special showing.

Before this statute was passed the personal representa-

tive had no control over the realty except as power might be granted in certain cases to dispose of it. The rents belonged absolutely and completely to the heirs or devisees. They could rent, sell or divide the property at their pleasure, subject only to the contingency of the granting of a license in the special cases provided by law, and then the rents and profits belonged to them up to the time of such disposal. That these are vested rights of an important and valuable character needs no showing.

The statute, in the language used concerning the power of the representative to deal with the estate, proceeds throughout on the assumption that the executor or administrator becomes at once entitled to possession. Nothing is said concerning estates already vested for all purposes in heirs or devisees. The statute does not refer to any authority to divest existing rights. It treats all rights as affected at the death of the decedent by the liability to be assumed by the representative.

, We cannot properly hold that the Legislature designed to commit such an act of injustice as to take away vested rights and destroy valuable existing interests. We are bound, if possible, so to construe statutes as to give them validity and a reasonable operation.

The presumptions are always against retrospective operation of statutes operating on valuable rights, and the present case is not one which favors any different rule, as a retrospective application would work great wrong. Cooley Const. Lim. 369 et seq. and cases cited.

In our opinion the statute does not apply in this case, and the judgment below should be affirmed with costs.

MARSTON, J. concurred.

COOLEY, J. I agree in the result, placing my concurrence on the ground that the statute authorizing administrators to take possession of the real estate is not, in terms, retrospective. Harrison v. Metz 17 Mich. 377; Clark v. Hall 19 Mich. 356.

GRAVES, C. J. concurred.