SOMMERVILLE v SOMMERVILLE

Docket No. 95603. Submitted August 4, 1987, at Detroit. Decided December 7, 1987.

Plaintiff, Richard Sommerville, and defendant, Kathleen Sommerville, were granted a judgment of divorce in the Wayne Circuit Court on November 21, 1980. The property settlement section of the judgment ordered plaintiff to pay defendant $375 per month for fifteen years as a settlement of marital property rights and ordered that plaintiff receive his pension as a retired state trooper. When plaintiff stopped making the monthly payments, defendant filed a motion for appointment of a receiver. Defendant was appointed receiver and was authorized to discover and liquidate all property held by plaintiff necessary to satisfy the judgment. Defendant then obtained a writ of garnishment regarding plaintiff's pension, but the Department of Treasury refused to honor the writ. On February 17, 1986, defendant filed a motion to require payment from the pension on the basis of a revision of MCL 28.110; MSA 3.340, now MCL 38.1643; MSA 5.4002(43), which, in conjunction with MCL 552.18; MSA 25.98, allowed the distribution of state pensions as a part of marital assets. A referee heard the motion and ordered the Department of Treasury to pay the defendant receiver $375 per month from the pension until the debt was paid in full. The department refused to obey the court order and the referee ordered plaintiff to authorize the department to withhold that amount and forward it to defendant. Plaintiff appealed and the Wayne Circuit Court, Susan D. Borman, J.,

REFERENCES

Am Jur 2d, Constitutional Law §§ 661 *et seq.*

Am Jur 2d, Divorce and Separation §§ 905-907.

Am Jur 2d, Statutes § 437.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

Employee retirement pension benefits as exempt from garnishment, attachment, levy, execution, or similar proceedings. 93 ALR2d 711.

Pension of husband as resource which court may consider in determining amount of alimony. 22 ALR2d 1421.

affirmed the referee's decision and ordered that plaintiff's action in authorizing payment would be enforced by the contempt powers of the court, if necessary. Plaintiff appealed.

The Court of Appeals *held:*

Revised MCL 28.110; MSA 3.340, now MCL 38.1643; MSA 5.4002(43), and MCL 552.18; MSA 25.98 do not apply to judgments of divorce awarded prior to June 13, 1985. The trial court erred in using the statutes to order payment of the pension funds to defendant.

Reversed.

SHEPHERD, P.J., dissented. He believes that the trial court could order plaintiff to authorize the Department of Treasury to pay the pension funds to his receiver, the defendant. He noted that the trial court's order was one directed at a party over which it had jurisdiction, plaintiff, that the order was related to a specific fund, and that the decree was enforceable under the contempt power of the court.

1. STATUTES — RETROACTIVE OPERATION — PRESUMPTIONS.

There is a presumption against retroactive operation of statutes affecting valuable property rights.

2. DIVORCE — MARITAL ASSETS — STATE PENSIONS.

Statutory amendments which allow the distribution of state pensions as part of marital assets do not apply to judgments of divorce awarded prior to June 13, 1985 (MCL 38.1643, 552.18; MSA 5.4002[43], 25.98).

*Glime, Daoust, Wilds, Rusing & Le Duc* (by *Kurt E. Riedel*), for plaintiff.

*Audrey C. Stroia,* for defendant.

Before: SHEPHERD, P.J., and HOOD and T. M. BURNS,* JJ.

HOOD, J. Plaintiff appeals as of right from an order of the Wayne Circuit Court ordering plaintiff to authorize the Michigan Department of Treasury to pay $375 per month from his monthly pension payments directly to defendant, his ex-wife, to

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

fulfill his obligation under the parties' judgment of divorce.

Plaintiff, a retired Michigan state trooper, and defendant were divorced on November 21, 1980. The property settlement portion of the judgment of divorce awarded defendant the marital home and a vacant lot, while plaintiff was awarded another residence. The property settlement also contained the following paragraphs:

> D) IT IS FURTHER ORDERED AND ADJUDGED that commencing February 1, 1982, that [sic] Plaintiff, Richard Sommerville, shall pay to Defendant, Kathleen Joan Sommerville, the sum of Three Hundred Seventy-Five ($375.00) Dollars per month each month for Fifteen (15) years, and that said payment constitutes a settlement of marital property rights and is unconditional.
>
> * * *
>
> K) IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, Richard E. Sommerville, shall receive, free and clear of any claim of the Defendant, Kathleen Joan Sommerville, his entire interest in all benefits from his employment, including the proceeds from his annuity plan, accumulated sick hours and other retirement benefits, and other benefits.

Plaintiff soon stopped making the $375 monthly payments and, after defendant filed a motion for appointment of a receiver, defendant was appointed receiver and was authorized to discover and liquidate all property held by plaintiff necessary to satisfy the judgment. Defendant discovered that one of plaintiff's assets was his state trooper's pension. Plaintiff received approximately $1,400 per month from this pension. After discovering the existence of the pension, defendant obtained a writ of garnishment to garnish a portion of the pension,

but the Department of Treasury refused to honor the writ. Defendant then acquired an order of income withholding through the office of the Friend of the Court. However, the circuit court later vacated the order because the statute authorizing income withholding allowed such withholding only for alimony or child support. The payments to defendant of $375 per month over a fixed period, as part of the property settlement, are not alimony. *Firnschild v Firnschild,* 67 Mich App 327; 240 NW2d 790 (1976), lv den 397 Mich 863 (1976).

On February 17, 1986, defendant filed a motion to require payment of the $375 obligation from plaintiff's pension on the basis of a revision of MCL 28.110; MSA 3.340, now MCL 38.1643; MSA 5.4002(43), which, in conjunction with MCL 552.18; MSA 25.98, allowed the distribution of state pensions as a part of marital assets. The motion was heard by a referee, who ordered the Department of Treasury to pay from plaintiff's pension $375 per month until the obligation was paid in full. When the department refused to obey the court order, the referee ordered plaintiff to authorize the department to withhold that amount and forward it to defendant. Plaintiff appealed from that order to the circuit court. After argument, the trial court determined that the referee's decision was correct, under the above-mentioned statutes. The court further ordered that plaintiff's action in authorizing payment would be enforced by the contempt powers of the court, if necessary. Plaintiff appeals from this order.

On appeal, plaintiff claims that revised MCL 28.110; MSA 3.340, which became effective June 13, 1985, now MCL 38.1643; MSA 5.4002(43), effective October 1, 1986, may not apply retroactively to a judgment of divorce entered in 1980. We agree and reverse the decision of the trial court.

Prior to June 13, 1985, state troopers' pensions were exempt from any legal process, including garnishment. MCL 28.110; MSA 3.340 stated:

> No pension under the provisions of this act [the state police pension, accident and disability fund act, MCL 28.101 *et seq.; MSA* 3.331 *et seq.*], either before, or after, its order of distribution, shall be held, seized, taken, detained, or levied on by virtue of any legal process issued out of any court against the beneficiary, but the same shall be paid directly to the beneficiary thereof.

In deference to that statute, but recognizing the unfairness to the spouse of a state trooper, this Court in *Hutchins v Hutchins,* 71 Mich App 361; 248 NW2d 272 (1976), held that, although a state trooper's pension could not be awarded to the spouse, the pension was to be taken into account by the trial court in its determination of a proper property settlement. See also *Lindner v Lindner,* 137 Mich App 569, 572; 358 NW2d 376 (1984).

In conformity with the statute in effect at the time, plaintiff in the instant case was awarded his retirement benefits from his employment. However, in 1985, the Legislature amended MCL 28.110; MSA 3.340 to allow pensions to be distributed as marital assets. The amendment stated in pertinent part:

> (1) Except as provided in subsection (2), no pension under the provisions of this act, either before or after its order of distribution, shall be held, seized, taken, detained, or levied on by virtue of any legal process issued out of any court against the beneficiary, but the same shall be paid directly to the beneficiary thereof.
>
> (2) The right of a member or retirant to a pension, deferred pension, accumulated contributions, or other benefit under the provisions of this

act shall be subject to award by a court pursuant to section 18 of chapter 84 of the Revised Statutes of 1846, being section 552.18 of the Michigan Compiled Laws, and to any other order of a court pertaining to child support.

This amendment was to go into effect June 13, 1985.

MCL 552.18; MSA 25.98, also effective June 13, 1985, provides:

(1) Any rights in and to vested pension, annuity, or retirement benefits, or accumulated contributions in any pension, annuity, or retirement system, payable to or on behalf of a party on account of service credit accrued by the party during marriage shall be considered part of the marital estate subject to award by the court under this chapter.

(2) Any rights or contingent rights in and to unvested pension, annuity, or retirement benefits payable to or on behalf of a party on account of service credit accrued by the party during marriage may be considered part of the marital estate subject to award by the court under this chapter where just and equitable.

On October 1, 1986, the Legislature enacted the State Police Retirement Act, MCL 38.1601 *et seq.;* MSA 5.4002(1) *et seq.* This act completely repealed the existing state police pension, accident, and disability fund act. The State Police Retirement Act is an expanded, more detailed version of the former act, providing for the administration of retirement benefits specifically for state police. Section 43 of the act, MCL 38.1643; MSA 5.4002(43), is virtually identical to amended MCL 28.110; MSA 3.340, except the words "retirement allowance" have been substituted for "pension". Section 43 states:

(1) Except as provided in subsection (2), a retire-

ment allowance, either before or after its order of distribution, shall not be held, seized, taken, detained, or levied on by virtue of any legal process issued out of any court against the beneficiary, but shall be paid directly to the beneficiary of the allowance.

(2) The right of a member or retirant to a retirement allowance, deferred retirement allowance, accumulated contributions, or other benefit under this act shall be subject to award by a court pursuant to section 18 of chapter 84 of the Revised Statutes of 1846, being section 552.18 of the Michigan Compiled Laws, and to any other order of a court pertaining to child support.

On appeal, plaintiff emphasizes that amended MCL 28.110(2); MSA 3.340(2), now MCL 38.1643(2); MSA 5.4002(43)(2), states that retirement benefits are "subject to award by a court *pursuant to* [MCL 552.18; MSA 25.98]." Plaintiff argues that when the court made its property settlement provision on November 21, 1980, it did not award a portion of plaintiff's pension to defendant pursuant to MCL 552.18; MSA 25.98 and, in fact, such an award would have been illegal at that time. Thus, the statutes cannot support the trial court's action.

The question is simply whether current MCL 38.1643; MSA 5.4002(43) and MCL 552.18; MSA 25.98 apply retroactively to judgments of divorce awarded prior to June 13, 1985, the effective date of MCL 552.18; MSA 25.98. There is a presumption against retroactive operation of statutes affecting valuable property rights. *Van Fleet v Van Fleet,* 49 Mich 610, 613; 14 NW 566 (1883); *Mary v Lewis,* 399 Mich 401, 414; 249 NW2d 102 (1976). In *Chesapeake & O R Co v Public Service Comm,* 5 Mich App 492, 506; 147 NW2d 469 (1967), aff'd 382 Mich 8; 167 NW2d 438 (1969), this Court stated:

It is a fundamental principle of statutory con-

struction that statutory amendments not be given any retroactive effect unless the legislature clearly and unequivocally indicates otherwise. The statutory amendment during the pendency of a suit has no bearing upon the rights of the parties fixed by law before its enactment. [Citations omitted.]

There is no indication on the face of the statutes in question that they were intended to have retroactive effect. We have also reviewed the legislative history of the statutes and have discovered no intent by the drafters that the statutes operate retroactively. We therefore conclude that MCL 38.1643; MSA 5.4002(43) and MCL 552.18; MSA 25.98 do not apply to judgments of divorce awarded prior to June 13, 1985. Thus, the trial court erred in using the statutes to order that a portion of plaintiff's pension be paid to defendant to fulfill plaintiff's obligation to pay defendant $375 per month.

We realize this appears to be a harsh result in light of the fact that plaintiff is substantially in arrears in his monthly payments. However, we note that defendant's appointment as receiver remains in effect. As such, defendant is authorized to discover and liquidate all property held by plaintiff necessary to satisfy the property settlement provision of the judgment of divorce.

Our resolution of this case on this issue makes it unnecessary to discuss plaintiff's arguments that the trial court's order circumvents the statutory protection afforded judgment debtors, that the order denied plaintiff equal protection, and that the court exceeded its authority in ordering plaintiff to authorize payment under threat of citing him for contempt of court.

The decision of the trial court is reversed.

T. M. BURNS, J., concurred.

SHEPHERD, P.J. *(dissenting)*. I dissent. In this case defendant was appointed receiver in 1982 in an attempt to collect a 1980 marital property settlement award requiring plaintiff to pay $375 per month for fifteen years. Plaintiff has assiduously avoided payment. Plaintiff's only apparent asset in Michigan is his state trooper's pension. Defendant was unable to force the Department of Treasury to turn over the pension funds necessary to satisfy the judgment directly. The trial court then ordered plaintiff to authorize payment from his pension to defendant on pain of contempt. I agree with the majority opinion so far as it goes. However, I believe that defendant acquired the rights and power of a receiver when she was so appointed in 1982. I would affirm the trial court's order compelling plaintiff to sign over assets to the court-appointed receiver on pain of contempt. MCL 600.2926; MSA 27A.2926.

There is no question that the court in the present case had the authority to appoint a receiver. *Cohen v Cohen,* 125 Mich App 206, 214; 335 NW2d 661 (1983), lv den 417 Mich 1100.35 (1983). A receivership operates to give the receiver the right to custody and possession of property subject to the receivership for the benefit of the party ultimately proving to be entitled thereto. MCL 600.2926; MSA 27A.2926; 65 Am Jur 2d, Receivers, § 161, p 985. A receiver derives his possessory right from the court appointing him, and his custody and possession is the possession of the law or the court. *Id.;* see also 19 Michigan Law & Practice, Receivers, § 41, p 382. Furthermore, a person who interferes with the right of a receiver by any unauthorized refusal to turn over property or funds to which the receiver is entitled may be guilty of contempt of court. 17 Am Jur 2d, Contempt, § 18, p 22; 6A Michigan Law & Practice,

Contempt, § 13, p 19. The instant case is analogous
to a case in which the court has jurisdiction over
the party-debtor but not over the property. The
general rule appears to be:

> Although a court of equity cannot send its re-
> ceiver out of its jurisdiction to enforce its orders or
> decrees, it may act on parties within its jurisdic-
> tion and amenable to its process, whether or not
> the property is within the jurisdiction; and such
> parties will be in contempt if they resist the
> court's orders or interfere with the receiver's
> possession. . . .
> *The court may order a party to execute an
> assignment or conveyance to the receiver of prop-
> erty beyond its territorial jurisdiction, and disobe-
> dience of the order will be a contempt.* [75 CJS,
> Receivers, § 125, pp 764-765.]

In *Carnahan v Carnahan,* 143 Mich 390; 107
NW 73 (1906), a case not involving a receivership,
plaintiff wife was granted a divorce but was or-
dered to turn over $644 which the court found
constituted a fair property settlement. The sum
was apparently in her possession and control and
on deposit with a loan and investment company in
Sarnia, Ontario. The trial court ordered the wife
to turn over the money on pain of contempt. In
other words, while the court had no jurisdiction
over the fund itself, the court, through its con-
tempt power, was able to order the party over
whom it did have jurisdiction to act. The Supreme
Court specifically held that the wife would not
have been subject to contempt if the decree had
been merely for the payment of money. However,
because the decree was specific as to the fund in
the Ontario account, the decree was properly en-
forced under the power of contempt. In the instant
case, I believe the pension can be seen as a specific

fund and an asset under receivership control. Thus, the trial court's order is one directed at a party relating to a specific fund, enforceable by contempt.

I would affirm the trial court's order requiring defendant to turn over funds from his pension sufficient to satisfy the judgment on pain of contempt. I am concerned that if in domestic relations cases we force spouses to suffer the loss of their bargain as we do here and treat them as nothing more than arm's length business venturers we will do irreparable harm to the survivors of divorce who are generally financially burdened ex-wives and children.