SUTLIFF AGENCY, INC. v H. W. KAUFMAN
FINANCIAL GROUP, INC.

1. Garnishment—Court Rules—Constitutional Law—Due Process.

A court rule which permits a prejudgment garnishment of funds in which the claimant has no interest without a bond requirement to protect the owner of the funds and without an opportunity for a prompt hearing to test the merits of the claim and the validity of the garnishment is violative of due process and unconstitutional (US Const, Am XIV, Const 1963, art 1, § 17; GCR 1963, 738).

2. Garnishment—Writ—Ex Parte Application—Jurisdiction—Process—Person Not Subject to Jurisdiction—Diligent Effort to Serve—Statutes.

A writ of garnishment may be used before judgment upon an *ex parte* application showing that the person against whom a claim is asserted is not subject to the judicial jurisdiction of the state or, after diligent effort, cannot be served with process as required to subject him to the judicial jurisdiction of the state only where a copy of the writ of garnishment is served upon the person against whom the claim is made in the same manner as provided by rules of the Supreme Court for serving process in other civil actions in which personal jurisdiction over the defendant is not required (MCLA 600.4011).

Appeal from Oakland, Robert L. Templin, J. Submitted January 16, 1975, at Lansing. (Docket No. 19912.) Decided July 15, 1975.

Complaint by Sutliff Agency, Inc. against H. W. Kaufman Financial Group, Inc. and Herbert W. Kaufman for breach of contract. Defendants' mo-

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Attachment and Garnishment §§ 5, 518.
[2] 6 Am Jur 2d, Attachment and Garnishment § 363.

tion to quash writs of garnishment denied. Defendants appeal by leave granted. Reversed.

*Sopt, Doll & Clark,* for plaintiff.

*Dakman, Gropman & Sinai, P. C. (Schlussel, Lifton, Simon, Rands & Kaufman,* by *Joseph F. Galvin,* of counsel), for defendants.

Before: T. M. Burns, P. J., and D. E. Holbrook and Quinn, JJ.

Per Curiam. Defendants appeal by leave granted from an order by the Oakland County Circuit Court denying defendants' motion to quash writs of garnishment previously issued by the clerk of that court. Defendants claim on appeal that GCR 1963, 738, which permitted the prejudgment garnishment writs in the case at bar, is unconstitutional in that it deprives persons of their property without due process of law in violation of the 14th Amendment of the United States Constitution and Article 1, § 17 of the Michigan Constitution of 1963. We agree and hold that the trial court erred in refusing to quash the writs of garnishment in this case.

In the recent case of *Cochrane v Westwood Wholesale Grocery Company,* 394 Mich 164; 229 NW2d 309 (1975), our Supreme Court decided this same question. Since that decision controls the issue before this Court, we set out that opinion in its entirety:

"The threshold issue is whether the pre-judgment garnishment procedure on February 13, 1973 as then provided in MCLA 600.4011; MSA 27A.4011 and GCR 1963, 738 was unconstitutional as violative of the Fourteenth Amendment or Const 1963, art 1, § 17.

"Subsequent to the oral arguments herein, a three-

judge panel, United States District Court, Eastern District of Michigan, Southern Division, has found that the Michigan garnishment procedure 'violates due process and is therefore unconstitutional'. Writing for the court, Judge Charles W. Joiner concluded:

" 'Thus, we hold that, insofar as M.C.L.A. 600.4011 and G.C.R. 738 permit the pre-judgment garnishment of funds in which the claimant has no interest without a bond requirement to protect the owner of the funds and without an opportunity for a prompt hearing to test the merits of the claim and the validity of the garnishment, the Michigan garnishment procedure violates due process and is therefore unconstitutional under *Fuentes* and *Mitchell* * * * .'[1]

"Two days later, on January 22, 1975, the United States Supreme Court rendered its decision in *North Georgia Finishing, Inc v Di-Chem, Inc,* 419 US 601; 95 S Ct 719; 42 L Ed 2d 751 (1975), finding the Georgia pre-judgment garnishment procedure to violate due process. Because the Georgia procedure was similar to Michigan procedure, the United States Supreme Court decision is dispositive of the issue before this Court.

"Further, effective as of April 1, 1975, an amendment to the challenged statute now provides:

" 'A writ of garnishment may be used before judgment only as provided in this subsection. Upon ex parte application showing that the person against whom the claim is asserted is not subject to the judicial jurisdiction of the state or, after diligent effort, cannot be served with process as required to subject him to the judicial jurisdiction of the state, a copy of the writ of garnishment shall be served upon the person against whom the claim is made in the same manner as provided by rules of the supreme court for service of process in other civil actions in which personal jurisdiction over the defendant is not required. Upon rendition of judgment in the principal action, the obligation of property garnished shall be applied to the satisfaction of the judgment.'

---

[1] *Fuentes v Shevin,* 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972), *Mitchell v W T Grant Co,* 416 US 600; 94 S Ct 1895; 40 L Ed 2d 406 (1974).

"Therefore, further analysis of the issue would not only be superfluous to jurisprudential clarification but might even generate clouds upon the vista.

"We affirm the order quashing writ of garnishment and remand to the trial court for such order as is required and is consistent with this finding."

Having resolved this issue in defendants' favor, we find it unnecessary to consider defendants' other argument relative to the propriety of the issuance of the writs of garnishment.

The order denying defendants' motion to quash writs of garnishment is reversed and the motion to quash writ of garnishment is hereby granted. Costs to defendants.