BAIOS v. CLARK.

1. AUTOMOBILES—PUBLIC LIABILITY INSURANCE—COVERAGE OF EMPLOYEE'S CARS.
   A car owned by an employee and used by him in his employer's business at time of inflicting fatal injuries to plaintiff's minor decedent came within coverage of employer's public liability insurance policy applying "to * * * all automobiles * * * owned by the assured * * * or owned by salesmen, employees, or agents of the assured and used in the assured's business."

2. GARNISHMENT—DISCLOSURE.
   A garnishee, in making disclosure, has a duty to set forth the true condition of his liability to principal defendant (3 Comp. Laws 1929, § 14857).

3. Estoppel—Garnishee's Denial of Existence of Insurance Policy—Limitation of Actions.

Automobile liability insurer which filed disclosure denying existence of liability policy when garnishment proceeding was commenced and persisted in such position in bad faith was thereafter estopped from asserting or relying upon any limitation in the policy affecting the time within which action could be brought (3 Comp. Laws 1929, § 14857).

4. Garnishment—Amendment of Disclosure—Discretion of Court.

Denial of leave to amend disclosure by garnishee who had first filed disclosure some five years theretofore in bad faith denying existence of automobile liability policy, so as to set up clause limiting time within which action could be brought under the policy, was not an abuse of discretion (3 Comp. Laws 1929, § 14857).

Appeal from Wayne; Chenot (James E.), J. Submitted October 14, 1942. (Docket No. 22, Calendar No. 42,107.) Decided January 4, 1943.

Garnishment proceedings by Stephen Baios, administrator of the estate of Thaddeus Baios, deceased, against Arthur B. Clark, principal defendant, and General Accident Fire & Life Assurance Corporation, Limited, a foreign corporation, garnishee defendant. From judgment for plaintiff against garnishee defendant, it appeals. Affirmed.

*Harry J. Lippman* (*Leslie D. Bloom,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for garnishee defendant.

Bushnell, J. Plaintiff Stephen Baios, administrator of the estate of Thaddeus Baios, deceased, recovered a judgment on May 16, 1932, against defendant Arthur B. Clark because of fatal injuries received by Thaddeus Baios, a minor, in 1927 when

he was struck by an automobile owned and operated by defendant Clark.

Plaintiff's present counsel, believing that Clark's employer Sinclair Refining Company carried public liability insurance, commenced this garnishment action on March 6, 1936, against defendant General Accident Fire & Life Assurance Corporation, Limited, a foreign corporation (hereafter referred to as the insurance company). On April 8th the insurance company filed a disclosure denying liability. Special interrogatories filed by plaintiff were answered by the insurance company and demand for trial by jury was filed.

After the garnishment issue thus framed was ready for trial, plaintiff obtained an order of discovery and on seven different occasions took the testimony of various parties. After the completion of these discovery proceedings the insurance company, without leave of court, filed an amended disclosure on May 9, 1941, in which for the first time it stated that a public liability policy of insurance had been issued to Sinclair Refining Company prior to the date of the entry of judgment, but that this policy did not provide for any coverage or protection to Clark. On plaintiff's motion this amended disclosure was stricken from the files by a consent order. Just prior to the entry of this order the insurance company asked leave to file an amended disclosure, claiming that through inadvertence the original disclosure had failed to set forth that "the said policy of insurance" contains a clause limiting the time within which action could be brought. The Honorable John J. Maher, acting circuit judge, entered an order on July 15, 1941, denying leave to file the amended disclosure. In a written opinion he reviewed the history of the case and stated that the garnishee defendant had "consistently and per-

sistently asserted'' that no insurance policy existed that could have protected Clark, and that, having taken that position, ''it may not now seek the protection of certain provisions of this same policy.'' The court observed that:

''It may not say in one breath 'There is no policy which might result in liability,' and at the same time in another breath say 'There is a policy but there may be no liability because of a limitation period.' The defense of no policy which it has maintained for more than five years has created a waiver and estoppel, which is clearly defined in the case of *Pastucha* v. *Roth*, 290 Mich. 1, pages 12 and 13.''

When the garnishment issue came on for trial the insurance company again sought leave to file an amended disclosure which was denied, the trial judge calling attention to the fact that a similar motion had been denied twice, once by Judge Maher and again by Judge Arthur J. Webster, on the call of the pretrial docket.

The testimony presented before the trial judge shows conclusively that shortly after the accident the garnishee defendant, being apprehensive that it would be called upon to pay a death claim because of Clark's negligence, began to pursue a course of deception and evasion in its desire to prevent the true facts from becoming known. Its representative, Paul H. Schulz, on April 8, 1927, reported to the company that after the coroner's inquest he had advised the attorney for Baios to institute suit against Clark and stated that ''he (plaintiff's attorney) does not know about the interest of the Sinclair Refining Company, so I do not expect he will make them a party defendant.''

The garnishee defendant elected to take the position in its original disclosure filed April 8, 1936,

that it was not liable to Clark in any manner, and then later, realizing that it could not conceal the existence of an insurance policy, sought to avoid liability by relying upon a provision in the policy which it had formerly claimed was nonexistent.

The policy in question was produced at the trial by defendant's claim manager under a *subpoena duces tecum* and received in evidence without objection. This policy insured the Sinclair Refining Company et al. and recited that it "applies to and covers all automobiles  *  *  *  owned by the assured *  *  *  or owned by salesmen, employees, or agents of the assured and used in the assured's business."

The automobile involved in the accident was owned by Clark, an employee of Sinclair, and used by him in Sinclair's business, and so comes within the coverage of the policy.

The liability of the insurance company was limited by a subsequent paragraph of the policy which states in part that "the interest of such agents shall be covered only when such automobiles are being used for the business of the assured named in Declaration 1."

"It is a garnishee's duty when he makes a disclosure to set forth the true condition of the liability." *Hirth* v. *Pfeifle,* 42 Mich. 31.

The insurance company had the duty to disclose the existence*of the policy and in that disclosure claim their defenses.* Having in bad faith denied the existence of the policy, the insurance company was estopped from asserting or relying upon any limitation in the policy affecting the time within which suit should be brought. *Dickinson* v. *Homerich,* 248 Mich. 634.

---

* 3 Comp. Laws 1929, § 14857 (Stat. Ann. § 27.1855).—REPORTER.

The trial judge, under the circumstances of this case, did not abuse his discretion in denying leave to amend the disclosure. *Kolodzcak* v. *Peerless Motor Co.,* 255 Mich. 47.

We do not discuss other claimed errors because the pleadings restricted the issue to the existence of a policy covering Clark. Since no defenses based upon limitations of that coverage could be raised, errors pertaining to such defenses are immaterial.

The judgment is affirmed, with costs to appellee.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.