MARY v LEWIS

1. GARNISHMENT—DISCLOSURE OF ASSETS—SUFFICIENCY OF DISCLOSURE
   —VALUE OF ASSETS.

   Disclosure by a garnishee defendant that it held notes receivable
   of the principal defendant, without disclosing the aggregate
   face value of the notes held as security, was not sufficient to
   inform the plaintiff whether the secured indebtedness was
   greater or less than the security.

2. GARNISHMENT—RECEIVERS—TRANSFER OF ASSETS—LIABILITY—
   COURT RULE.

   The transfer by a garnishee defendant bank of notes receivable of
   the principal defendant to a receiver without a court order
   authorizing the transfer establishes the bank's liability to the
   plaintiff in the garnishment proceeding under court rule (GCR
   1963, 738.5).

3. GARNISHMENT—LIENS—WRITS—SERVICE—EFFECTIVE DATE.

   A lien arising from service of a writ of garnishment is acquired at
   the time of service, and is effective from that date.

4. GARNISHMENT—BANKS—VALUE OF ASSETS—RECEIVERS—TRANSFER
   OF ASSETS—LIABILITY.

   A garnishee defendant bank which held notes receivable of a
   principal defendant, the face value of which was in excess of
   the bank's allowable set-off by an amount greater than a
   judgment obtained by the plaintiff, and which transferred the
   notes to a receiver without a court order authorizing the
   transfer, is liable to the plaintiff for the full amount of his
   judgment plus interest and costs, where the transfer of the
   notes to the receiver and their subsequent sale by the receiver
   prevents a determination of the actual value of the notes
   transferred.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 6 Am Jur 2d, Attachment and Garnishment § 346 *et seq.*
[2] 6 Am Jur 2d, Attachment and Garnishment § 203.
[3] 6 Am Jur 2d, Attachment and Garnishment §§ 456, 461.

Appeal from Ingham, James T. Kallman, J. Submitted Division 2 November 6, 1974, at Lansing. (Docket No. 18607.) Decided November 27, 1974. Leave to appeal applied for.

Complaint by Ernest L. Mary against Robert J. Lewis and People's State Bank of Williamston for enforcement of a promissory note. Judgment for plaintiff against defendant Robert J. Lewis, and for defendant People's State Bank which denied liability on the note. Plaintiff appeals. Reversed and remanded.

*MacLean, Seaman, Laing & Guilford* (by *Terry R. Black),* for plaintiff.

*Robert M. Platt,* for defendant People's State Bank.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

QUINN, P. J. Plaintiff appeals from a summary judgment granted to People's State Bank (hereinafter defendant) on plaintiff's motion for summary judgment.

The chronology of pertinent facts follows:

1. October 16, 1968, plaintiff filed suit against Robert J. Lewis, the principal defendant in this matter, and served a writ of garnishment upon defendant.

2. October 18, 1968, defendant filed a disclosure which denied liability to the principal defendant.

3. October 23, 1968, plaintiff served interrogatories on defendant.

4. October 31, 1968, defendant answered the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

interrogatories disclosing that on October 25, 1968, instead of October 16, 1968, the bank held the following property of the principal defendant: $159.84 in a checking account, $17.21 in a joint savings account, and notes receivable securing a commercial loan with a balance of $7,281.56. Defendant's answer relating to the loan was stated as follows: "This loan is secured by an assignment of notes receivable and security agreement. Financing statement filed December 8, 1967."

5. February 10, 1969, a default judgment in plaintiff's favor was entered against the principal defendant.

6. On or about February 14, 1969, a state receiver was appointed pursuant to an order of the circuit court for the principal defendant herein in the case of *Ormal K. Lewis* vs *Robert J. Lewis,* file no. 815-C.

7. On or about March 25, 1969, defendant voluntarily turned over to the state receiver, without court order and without notice to plaintiff, the notes receivable belonging to the principal defendant and held as security for the commercial loan noted above, upon demand from the receiver.

8. April 4, 1969, the circuit court confirmed the sale by the receiver of the assets of the principal defendant, including the notes receivable turned over to the receiver by defendant.

9. April 15, 1969, the principal defendant filed a voluntary bankruptcy petition and was adjudicated a bankrupt.

10. On May 24, 1969, counsel for plaintiff wrote a letter to counsel for defendant stating that he had learned in bankruptcy court that defendant held notes receivable belonging to the principal defendant on the date the writ of garnishment was served in an amount in excess of $15,000, noting

that he believed the bank would be liable under GCR 1963, 738 for the amount of plaintiff's judgment against the principal defendant.

11. May 27, 1969, plaintiff filed a demand for pretrial conference on the matter of the liability of defendant together with proof of service.

12. July 11, 1969, plaintiff served a second set of interrogatories upon defendant asking expressly, *inter alia,* about the notes receivable belonging to the principal defendant and held by defendant.

13. December 15, 1969, defendant answered plaintiff's second set of interrogatories.

14. March 18, 1970, a second demand for pretrial conference on the liability of defendant was made by plaintiff together with proof of service.

15. July 16, 1970, the principal defendant in this matter was discharged in bankruptcy.

16. The docket entries and pleadings reflect that plaintiff sought every few months since May 27, 1969 to bring the issue of defendant's liability to trial, the matter finally having been heard upon motion for summary judgment in August 1973, with judgment for defendant entered on October 16, 1973.

The following facts are gleaned from uncontested affidavits, admissions in answers to interrogatories and agreements of counsel contained in the trial transcript:

1. The notes receivable belonging to the principal defendant and held by defendant as security should have been disclosed by defendant pursuant to GCR 1963, 738.6. Counsel for defendant stated that the amount of set-off to which defendant was entitled under the court rule against the assets it held belonging to the principal defendant was $7,281.56. Counsel admitted that the face value of the notes receivable belonging to the principal

defendant and held by defendant was more than $20,000 at the time of the service of the writ of garnishment and that said notes receivable constituted property subject to garnishment under GCR 1963, 738.

2. The trial proceedings establish that defendant would be liable for the property it held belonging to the principal defendant above the set-off of $7,281.56, if plaintiff properly followed the requirements of the garnishment court rule and if the lien established by service of the writ of garnishment survived the filing of a bankruptcy petition six months later, given the fact that the judgment against the principal defendant and in favor of plaintiff was entered within four months preceding the filing of the bankruptcy petition.

3. It is uncontested that plaintiff's judgment against the principal defendant was for damages of $5,138.01 plus interest, and that the interest thereon is at the rate of 7% from the date of the judgment, with costs of $40.

The trial court found: "It is the opinion of this court that the garnishee defendant's disclosure was sufficient to inform the plaintiff of the fact that the notes were in their possession. Failure to act by the plaintiff to determine the exact amount of securities was not attributable to an insufficient disclosure." This finding of fact by the trial court is clearly erroneous. Without disclosing the aggregate face value of the notes held as security, the disclosure would not inform plaintiff whether the secured indebtedness was greater or less than the security.

The trial court concluded: "The fact that the garnishee defendant turned the notes over to the receiver voluntarily does not change the fact that the receiver could have obtained a court order

which the garnishee defendant had no duty to resist." This conclusion is based on an unsupportable presumption. It is unlikely that the court would order defendant to turn over notes to the receiver with the pending garnishment proceedings here involved before that court, without notice to plaintiff. The transfer of the promissory notes by defendant to the receiver without a court order authorizing the transfer establishes defendant's liability to plaintiff under GCR 1963, 738.5.

The trial court held:

"This court is of the opinion that the lien acquired by plaintiff against the notes in garnishee defendant's possession on service of the writ of garnishment was merely contingent and did not become effective until reduced to a judgment. In this case said judgment falls within the crucial four month period before bankruptcy in federal district court. These notes receivable were properly then given to the trustee in bankruptcy and the judgment became void as to these assets."

This holding is factually incorrect since the notes were not turned over to the trustee in bankruptcy but were sold by the receiver. The holding is also contrary to law. The lien arising from service of a writ of garnishment is acquired at the time of service, *Sinclair Co v Becker Coal Co,* 263 Mich 617; 249 NW 13 (1933). The lien is discharged if the plaintiff fails to obtain a judgment against the principal defendant; otherwise it is effective from the date of service of the writ.

The face value of the transferred notes was in excess of $20,000 and more than $12,000 in excess of defendant's set-off. The transfer of these notes by defendant to the receiver and their subsequent sale by the receiver prevents a determination of their actual value. The only conclusion we can reach on this record is that People's State Bank is

liable to plaintiff for the full amount of plaintiff's judgment against Lewis plus interest and costs.

Reversed and remanded for entry of judgment in conformity with this opinion and with costs to plaintiff.

All concurred.