COCHRANE v WESTWOOD WHOLESALE GROCERY COMPANY

Docket No. 55572. Argued November 4, 1974 (Calendar No. 2).—
    Decided May 27, 1975.

    Alexander Cochrane brought an action against Westwood Whole-
    sale Grocery Company, Theodore Gruska, and Frank Gruska,
    for money owed on the sale of stock and had writs of garnish-
    ment issued before judgment. The Wayne Circuit Court, John
    D. O'Hair, J., quashed the writ of garnishment against the
    National Bank of Detroit. The Court of Appeals, Lesinski, C. J.,
    and J. H. Gillis, J. (O'Hara, J., dissenting), denied leave to
    appeal (Docket No. 19306). Plaintiff appeals. *Held:*

        1. Subsequent to the oral arguments in this case, a three-
    judge Federal District Court found that the Michigan garnish-
    ment procedure violates due process and is therefore unconsti-
    tutional, and the Supreme Court of the United States held that
    a similar pre-judgment garnishment procedure in Georgia vio-
    lated due process. In addition, the statute has been amended
    effective April 1, 1975, and there is little jurisprudential value
    in further analysis of whether the garnishment procedure as
    formerly provided in MCLA 600.4011; MSA 27A.4011 and GCR
    · 1963, 738 is unconstitutional.

        2. The order quashing the writ of garnishment is affirmed.

GARNISHMENT—CONSTITUTIONAL LAW—DUE PROCESS.

    There is little jurisprudential value in further analysis of
    whether the garnishment procedure as formerly provided is
    unconstitutional where a three-judge Federal District Court
    found that the Michigan garnishment procedure violates due
    process and is therefore unconstitutional, the United States
    Supreme Court held that a similar pre-judgment garnishment
    procedure in Georgia violated due process, and the Michigan
    statute has been amended effective April 1, 1975; accordingly,
    an order quashing a writ of garnishment is affirmed and the
    case remanded to the trial court where the threshold issue was
    whether the pre-judgment garnishment procedure on February
    13, 1973 as then provided in a statute and a court rule was

REFERENCE FOR POINTS IN HEADNOTE
6 Am Jur 2d, Attachment and Garnishment § 5.

unconstitutional as violative of the Federal or state Constitutions (US Const, Am XIV; Const 1963, art 1, § 17; MCLA 600.4011; GCR 1963, 738).

*Abraham Satovsky,* for plaintiff.

*Kahn & Kahn* (by *Kenneth F. Kahn* and *Larry E. Powe),* for defendant Westwood Wholesale Grocery Company.

Per Curiam. The threshold issue is whether the pre-judgment garnishment procedure on February 13, 1973 as then provided in MCLA 600.4011; MSA 27A.4011 and GCR 1963,[1] 738 was unconstitutional as violative of the Fourteenth Amendment or Const 1963, art 1, § 17.

Subsequent to the oral arguments herein, a three-judge panel, United States District Court, Eastern District of Michigan, Southern Division, has found that the Michigan garnishment procedure "violates due process and is therefore unconstitutional". Writing for the court, Judge Charles W. Joiner concluded:[2]

"Thus, we hold that, insofar as M.C.L.A. 600.4011 and G.C.R. 738 permit the pre-judgment garnishment of funds in which the claimant has no interest without a bond requirement to protect the owner of the funds and without an opportunity for a prompt hearing to test the merits of the claim and the validity of the garnishment, the Michigan garnishment procedure violates due process and is therefore unconstitutional under *Fuentes* and *Mitchell.*"[3]

One day later, on January 22, 1975, the United

[1] Also pertinent was MCLA 600.4045; MSA 27A.4045 providing for dissolution of garnishment by posting of a bond.

[2] *Douglas Research & Chemical, Inc v Solomon,* 388 F Supp 433 (1975).

[3] *Fuentes v Shevin,* 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972); *Mitchell v W T Grant Co,* 416 US 600; 94 S Ct 1895; 40 L Ed 2d 406 (1974).—Reporter.

States Supreme Court rendered its decision in *North Georgia Finishing, Inc v Di-Chem, Inc,* 419 US 601; 95 S Ct 719; 42 L Ed 2d 751 (1975), finding the Georgia pre-judgment garnishment procedure to violate due process. Because the Georgia procedure was similar to Michigan procedure, the United States Supreme Court decision is dispositive of the issue before this Court.

Further, effective as of April 1, 1975, an amendment to the challenged statute now provides:

"A writ of garnishment may be used before judgment only as provided in this subsection. Upon ex parte application showing that the person against whom the claim is asserted is not subject to the judicial jurisdiction of the state or, after diligent effort, cannot be served with process as required to subject him to the judicial jurisdiction of the state, a copy of the writ of garnishment shall be served upon the person against whom the claim is made in the same manner as provided by rules of the supreme court for service of process in other civil actions in which personal jurisdiction over the defendant is not required. Upon rendition of judgment in the principal action, the obligation of property garnished shall be applied to the satisfaction of the judgment."

Therefore, further analysis of the issue would not only be superfluous to jurisprudential clarification but might even generate clouds upon the vista.

We affirm the order quashing writ of garnishment and remand to the trial court for such order as is required and is consistent with this finding.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred.

SWAINSON, J., and the late Justice T. M. KAVANAGH took no part in the decision of this case.