CASAD v CITY OF JACKSON

1. CONSTITUTIONAL LAW—PUBLIC EMPLOYMENT—PROPERTY RIGHTS—
DUE PROCESS.

   Public employment is a property right entitled to the due process
   safeguards of the constitution (US Const, Am XIV, Const 1963,
   art 1, § 17).

2. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—PUBLIC EM-
PLOYMENT—POLICE OFFICERS—RUDIMENTARY DUE PROCESS—NO-
TICE—HEARINGS.

   A police officer's employment is an interest which requires at
   least "rudimentary due process" for its protection; such due
   process requires at the least notice and an opportunity to be
   heard.

3. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—DUE PROCESS—
REASONABLE STANDARDS—CITY EMPLOYEES.

   Underlying the due process safeguards of the constitution is the
   right not to have determinations regarding the discharge of a
   city employee made in an arbitrary and capricious manner
   without reasonable standards (US Const, Am XIV, Const 1963,
   art 1, § 17).

4. CONSTITUTIONAL LAW—DUE PROCESS—NOTICE—HEARINGS—FAIR
TRIALS—QUESTIONS OF FACT—EVIDENCE.

   Due process of law requires notice and an opportunity to be
   heard and imports the right to a fair trial of the issues involved
   in the controversy and a determination of disputed questions of
   fact on the basis of the evidence; such a hearing must be a
   hearing in a substantial sense.

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 63 Am Jur 2d, Public Officers and Employees § 8.
[2, 4, 5, 8] 63 Am Jur 2d, Public Officers and Employees § 208 *et seq.*
   70 Am Jur 2d, Sheriffs, Police, and Constables § 15.
[6] 70 Am Jur 2d, Sheriffs, Police, and Constables § 14.
[7, 9] 16 Am Jur 2d, Constitutional Law § 533 *et seq.*
[8] 63 Am Jur 2d, Public Officers and Employees § 260.
[10] 16 Am Jur 2d, Constitutional Law § 128.

5. MUNICIPAL CORPORATIONS—ADMINISTRATIVE LAW—REVIEW—CON-
STITUTIONAL LAW—DUE PROCESS SAFEGUARDS—ARBITRARY—CA-
PRICIOUS.

A scheme provided by a city for the review by the City Commis-
sion of the decisions made by the city's civil service board is not
constitutional where it does not provide any due process safe-
guards on the exercise of the commission's powers and where
the decision of the commission may be arbitrary and capricious.

6. MUNICIPAL CORPORATIONS—MASTER AND SERVANT—ADVERSARIES—
EMPLOYER—EMPLOYEE—POLICE OFFICERS—EMPLOYMENT DIS-
PUTES.

An employee, such as a police officer, and the City Manager of
the city that employs the officer are adversaries in employment
disputes.

7. CONSTITUTIONAL LAW—EQUAL PROTECTION—EQUAL TREATMENT—
OPPOSING LITIGANTS.

Equal protection concepts require equal treatment of opposing
litigants in a judicial system, whether quasi-judicial or other-
wise.

8. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—ADMINISTRA-
TIVE LAW—POLICE OFFICERS—EQUAL PROTECTION—CIVIL SER-
VICE BOARD—REVIEW—CONTINUED EMPLOYMENT.

A police officer-employee is denied equal protection where the
ordinances and rules of the city-employer allow the City Man-
ager to obtain a review of a decision by the city's civil service
board regarding the officer's continued employment and the
officer is not given a corresponding right.

9. CONSTITUTIONAL LAW—EQUAL PROTECTION—DUE PROCESS—REA-
SONABLENESS—OBJECT OF LEGISLATION.

The equal protection clause like the due process clause is a
guaranty that controls the reasonableness of government ac-
tion; a classification under the equal protection clause must be
a reasonable one and bear a reasonable relation to the object of
the legislation (US Const, Am XIV, Const 1963, art 1, §§ 2, 17).

10. CONSTITUTIONAL LAW—PARTIES—STATUTES—STANDING.

A party has no standing to attack the constitutionality of a
statute which does not apply to him.

Appeal from Jackson, Gordon W. Britten, J.
Submitted June 15, 1977, at Lansing. (Docket No.
30104.) Decided November 21, 1977.

Complaint by Edward Casad against the City of Jackson and various city officials for an order of superintending control to compel his reinstatement as a city police officer. Order granted. Defendant appeals. Affirmed.

*Dunnings and Canady, P. C.,* for plaintiff.

*C. Edwin Carraher (Alvin G. Dahlem,* of counsel), for defendant.

Before: D. E. Holbrook, Jr., P. J., and Allen and D. R. Freeman,* JJ.

D. R. Freeman, J. Defendants appeal the issuance of an order of superintending control, GCR 1963, 711, which ordered plaintiff reinstated in his job as a police officer with defendant City of Jackson's police force.

Plaintiff was discharged from his employment on August 27, 1975, by the joint action of the City Manager and the Chief of Police. Plaintiff's discharge followed an investigation of allegations that plaintiff, as secretary of the local chapter of the Fraternal Order of Police (hereafter FOP) had misused funds entrusted to him. Prior to being discharged plaintiff submitted his resignation as secretary of the FOP, tendered $300 to an FOP trustee "as good faith money in case there was any problem", and disclaimed any intent to defraud. Except for the misuse of funds incident, plaintiff's record with the Jackson police force was unblemished during the nine years he was an officer.

Immediately following his discharge, plaintiff requested a review of the discharge by the Jackson Civil Service Board, as was his right under the Jackson Civil Service Ordinance (Ordinance No.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

67-14). A hearing before the board revealed that the books of the FOP were so poorly kept that any audit would be futile, that the confused state of the FOP's books preceded plaintiff's term as secretary, that it was "common practice" for FOP secretaries to make personal use of the funds and later replace them, and that there appeared to be a surplus of funds (not including the $300 tendered by plaintiff). The board made numerous findings, and on December 16, 1975, the board ordered plaintiff reinstated but denied any back pay.

On December 18, 1975, the City Manager requested the City Commission to review the matter and make a final determination. The request was made pursuant to Jackson Civil Service Rule 5.6:

"5.6 *Decisions of Civil Service Board.* The decisions of the Civil Service Board shall be final in cases where bias has been exercised because of race, religion, politics, ancestry or union affiliations of the employee, and in all other cases, the City Manager may refer decisions to the City Commission for review and final determination when he does not agree with the decisions of the Civil Service Board. In any case, the Civil Service Board, after a thorough investigation and review, will provide the employee with a written notice of its decision."

Rule 5.6 was promulgated under Jackson Civil Service Code § 1.238, which provides in part:

"In the event that the Civil Service Board recommends reinstatement of such employee, the City Manager shall either forthwith cause such employee to be reinstated or shall request [a review] of said Civil Service Board action by the City Commission. If so requested under such circumstances, the City Commission shall review the entire matter and make a final determination either that (1) the employee be rein-

stated, as recommended, or (2) that the original action of the appointing authority be affirmed."

At an open meeting on February 17, 1976, the City Commission voted seven to one to discharge plaintiff. The City Commission's vote was taken after the commission reviewed the Civil Service Board's findings and entertained comments from any interested person. Some time before the February 17, 1976, meeting the City Commission and the Civil Service Board had a private meeting at which neither plaintiff, plaintiff's attorney, nor the city attorney were present.

Plaintiff sought superintending control in the circuit court. A July 28, 1976, decision of the circuit court found that the review by the City Commission violated equal protection and due process principles. In issuing an order of superintending control, the circuit court affirmed the finding. of the Jackson Civil Service Board and ordered the plaintiff reinstated.

Public employment has been found to be a property right which is entitled to the due process safeguards of US Const, Am XIV and Const 1963, art 1, § 17. See cases cited in *Perry v Sindermann,* 408 US 593, 597; 92 S Ct 2694, 2697; 33 L Ed 2d 570, 577 (1972). Michigan courts have held that a police officer's employment is an interest which requires at least "rudimentary due process". *Sponick v Detroit Police Department,* 49 Mich App 162, 188; 211 NW2d 674, 686 (1973), *Montiy v Civil Service Board of East Detroit,* 54 Mich App 510; 221 NW2d 248 (1974). Such due process requires, at least, notice and an opportunity to be heard. See *Bundo v Walled Lake,* 395 Mich 679, 696; 238 NW2d 154, 162 (1976). Underlying due process safeguards is the right not to have determinations made in an arbitrary and capricious manner with-

out reasonable standards. Without this right, due process safeguards are meaningless.

In *Milford v People's Community Hospital Authority,* 380 Mich 49; 155 NW2d 835 (1968), it was held that denying a physician working privileges in a public hospital under standardless hospital bylaws was a denial of due process. The *Milford* Court, at 58, cited language from *Napuche v Liquor Control Commission,* 336 Mich 398, 403; 58 NW2d 118, 120–121 (1953), which is relevant to the case at bar:

> " 'Due process of law requires notice and opportunity to be heard. It imports the right to a fair trial of the issues involved in the controversy and a determination of disputed questions of fact on the basis of evidence.'
>
> " 'But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them.' * * *
>
> " 'The maintenance of proper standards on the part of administrative agencies in the performance of their quasi-judicial functions is of the highest importance and in no way cripples or embarrasses the exercise of their appropriate authority. On the contrary, it is in their manifest interest. For, as we said at the outset, if these multiplying agencies deemed to be necessary in our complex society are to serve the purposes for which they are created and endowed with vast powers, they must accredit themselves by acting in accordance with the cherished judicial tradition embodying the basic concepts of fair play.' " (Citations omitted.)

Under the ordinances and rules of the City of Jackson the City Commission acts as a quasi-judicial appellate body in cases such as the one at bar. It so acted in the instant case. Although notice and a hearing are required, the Jackson scheme does not provide any due process safeguards on the

exercise of the City Commission's powers. The City Commission's decision may be arbitrary and capricious. This is not constitutional. The constitutional impropriety of such a system is made all the greater by the unbridled review of a determination in which due process safeguards and standards are recognized and adhered to.

The appellate process established by the City of Jackson for employees, such as plaintiff, whose jobs are in jeopardy is also unconstitutional because it violates equal protection concepts in permitting only one of two equal litigants to appeal. US Const, Am XIV and Const 1963, art 1, § 2. An employee such as plaintiff and the City Manager are adversaries in employment disputes. Under equal protection concepts opposing litigants in a judicial system, whether quasi-judicial or otherwise, are treated equally. According to defendant's ordinances and rules, the City Manager may obtain review of Civil Service Board decisions by the City Commission, but an employee such as plaintiff does not have a corresponding right. This amounts to a denial of equal protection of the laws.

As in *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 671; 232 NW2d 636, 642 (1975), it does not matter how our analysis is characterized:

"Whatever label is attached to the analysis—whether traditional equal protection, *Dandridge* test, *Reed* test, means scrutiny, or 'a complete and realistic balancing of interests'—'the governing rule is one of reason: The Equal Protection Clause, like the Due Process Clause, is a guaranty that controls the reasonableness of governmental action.' The classification must be a reasonable one, and it must bear a reasonable relation to the object of the legislation." (Footnotes omitted.)

In the instant case only one litigant is permitted

an appeal to the City Commission. We find no facts which can reasonably sustain such a distinction, and defendant suggests none. Such a legislative distinction is unreasonable and arbitrary. It is a denial of equal protection of the laws to the employee.

Defendants' contention that plaintiff is not "aggrieved" by the system, because plaintiff was victorious before the Civil Service Board and therefore did not need to appeal, is unacceptable. While it is true that a person cannot attack the constitutionality of a statute which does not apply to him, *Mary v Lewis,* 399 Mich 401, 416; 249 NW2d 102, 108 (1976), the city ordinances and rules enabling the City Manager to appeal certainly apply to plaintiff. It is his reinstatement and employment future which are at stake.

For the reasons stated above, the decision of the circuit court is affirmed.

Affirmed.